The town of MARLBOROUGH *against* The town of HEBRON.

Where the parents of an infant pauper were divorced by an act of the legislature, and the mother was appointed guardian; it was held, that such pauper's settlement, acquired in her father's right, was not thereby affected.

Where "*all the inhabitants*" living within certain limits, were incorporated into a distinct town; it was held, that an infant pauper residing within those limits, having a settlement elsewhere in the right of her father, was not included.

THIS was an action of *assumpsit* for the support of *Sybil Skinner*, a pauper.

The case was as follows. *Sybil Skinner* is a minor, about nineteen years of age. Her father, *Oliver Skinner*, always was, and still is, an inhabitant of *Hebron*; and the pauper and his other children were born there. In *October*, 1801, the mother, by an act of the General Assembly, was divorced from her husband, *Oliver Skinner*, and was appointed guardian to the minor children, of whom the pauper was one, until they should respectively arrive at the age of twenty-one years. In *October* 1803, " all the inhabitants living within the limits of the first school society in *Marlborough*," consisting of parts of the towns of *Colchester*, *Glastenbury* and *Hebron*, but principally of the latter, were incorporated into a distinct town, by the name of *Marlborough*. The mother of the pauper, with her children, then resided in that part of *Hebron* which was annexed to the new

town. She lived there some time afterwards, and then married, and thereby acquired a settlement in *Vermont.* The pauper came into *Marlborough,* and needed support; was relieved by that town; and due notice was given to the select-men of *Hebron.*

This case was reserved, by consent of parties, for the consideration and advice of the nine Judges.

*T. S. Williams* and *W. W. Ellsworth,* for the plaintiffs, contended, 1. That the act of the legislature divorcing the parents, and appointing the mother guardian, did not emancipate the children so as to change their settlement. There was nothing in this measure at all inconsistent with the idea of their continuing to be a part of their father's family. The mother was appointed guardian to take care of their property. The father had still a right to the possession and controul of their persons, and was entitled to their services. But admitting that the mother, in her capacity of guardian under this act, had an exclusive right to the possession of the children; yet it is a decided point, that the father would be liable for their support. *Stanton* v. *Willson & al.* 3 *Day's Ca.* 37.(a) The relation of parent and child remains the same after a divorce, as it was before.

2. That the pauper's settlement was not affected by the act of incorporation, because she was not *sui juris;* the words " all inhabitants" denoting persons *sui juris* only.

*Peters,* for the defendants, insisted, 1. That by the act of divorce, the pauper's father and mother were each constituted the head of a new family; and the clause appointing the mother guardian fixed the children with her, and their settlement followed hers.

2. That the act dividing the town of *Hebron* fixed the settlement of all the inhabitants then living within the terri-

*(a)* It has been since decided, by the supreme court of *New-York,* in an action brought to enforce the judgment here referred to, that both the parents being under equal obligation to maintain their offspring, the mother could not recover against the father for their maintenance, although in that case, as in this, the guardianship of the children, by the act of divorce, devolved on her. It was said, that she could, at most, sue him for contribution only. *Pawling & ux.* v. *Willson & al.* 13 *Johns. Rep.* 192. 209. *R.*

*New-Haven,*
November,
1816.

Marlborough
*v.*
Hebron.

tority constituting the new town, in that town. That the pauper then lived there, is a part of the case.

SWIFT, Ch. J. By the word "inhabitants" used in the act incorporating the town of *Marlborough,* was intended all those who were inhabitants of the several towns from which the new town was taken, who were of full age, and *sui juris.* It did not mean those who had settlements in other towns, or minors, whose parents lived, or had settlements, in other towns. The pauper, then, retained his settlement in the town of *Hebron,* where the father belonged, when *Marlborough* was incorporated, unless the appointment of the mother, when divorced, to be guardian of the children, would prevent it. But this could affect no right of the father over the children but that of guardian : it did not release him from his liability to support them ; it did not emancipate them ; and, of course, could not take away the settlement which they had acquired in his right. The pauper was an inhabitant of the town of *Hebron ;* and the plaintiffs are entitled to recover.

TRUMBULL, EDMOND, SMITH, BRAINARD, BALDWIN, GODDARD and HOSMER, Js. were of the same opinion.

GOULD, J. It is very clear, as a general proposition, that the settlement of a legitimate child, follows that of the father, or parent bound to maintain him. And it seems to me equally clear, on principle, that the appointment of a guardian, superseding the guardianship of the father, does not vary the rule. A settlement by parentage, is, in most respects, analogous to an interest acquired by inheritance ; and it might, I think, as well be contended, that a suspension of the father's guardianship, deprives his infant children of the right of inheriting from him, as that it exempts him from the duty of supporting them. At any rate, the point was settled in *Stanton* v. *Willson & al.* 3 *Day's Ca.* 37. Then, as the father is settled in *Hebron,* the only question remaining is, whether the act incorporating the town of *Marlborough,* separates his daughter's settlement from his own. Now, it appears to me, that a minor, not emancipated, could no more acquire a settlement by virtue of the words " all the inhab-

itants," in that act of incorporation, than he could, under the words " any inhabitants," in the general law relating to settlements. (*Stat. tit.* 91. *sec.* 4.) But that he could not obtain one in the latter case, is fully settled, by the judgment of this Court in *Huntington* v. *Oxford,* 4 *Day's Ca.* 189. I therefore concur in the opinion, that the plaintiffs are entitled to judgment.

Judgment to be entered for the plaintiffs.