## SUPREME COURT.

### McGIFFERT agt. McGIFFERT.

A decree of divorce obtained by a husband from his wife by and under the laws of the state of Indiana, while the husband was a resident of that state, and the wife a resident of this state, and having no notice of the proceedings, and not having appeared therein, is void and of no effect as to the wife. The court in Indiana never had jurisdiction of the wife, and could make no decree which would bind her.

*New - York Special Term, January 13th, 1859.*

THE complaint in this cause is filed by the wife, against the defendant, her husband, for a divorce *a vinculo matrimonii.*

The parties being residents of this state, were married here on the 12th of September, 1850. They lived together but a few weeks, and then separated. In January, 1851, the defendant filed his complaint against the plaintiff, claiming to have the marriage annulled, on the alleged ground of the physical incapacity of the plaintiff to consummate the marriage. This she denied in her answer.

On the 28th of April, 1851, an order was made in that cause, requiring the plaintiff therein to pay court fees and alimony to the defendant in that cause, and the same not having been paid, an order was made in that cause, on the 15th of

October, 1851, staying all proceedings on the part of the plaintiff therein, until paid, and the proceedings therein have been stayed and suspended.

In January, 1852, the defendant went to the state of Indiana, leaving the plaintiff his wife, in this state, where she has ever since remained. The defendant stated in his answer, that such residence in Indiana commenced on or about the 3d day of January, 1852, and that on the 10th of January, 1853, being at that time a *bona fide* resident of that state, and having been for more than one year preceding said date, a resident of said state, he filed his bill against the plaintiff in this suit for a divorce. On the 24th of May, 1853, the plaintiff in this suit not appearing, a decree of divorce was granted. In October, 1855, the defendant in this case returned to this state, accompanied by a woman, to whom he had been married in Indiana after the divorce granted there, with whom he has cohabited here. Upon these facts the complaint is filed, the plaintiff claiming that such intercourse of the defendant with the woman to whom he claims to be married, is adulterous and entitles her to a divorce.

S. C. LYNE, and F. R. TILLOU, *for plaintiff.*
E. P. COWLES, *for defendant.*

DAVIES, Justice. I deem it unnecessary to discuss the many questions presented in this case. It appears to me that it must be disposed of on the authority of *Visscher* agt. *Visscher*, (12 *Barb.* 640,) and the authorities there referred to. The court in Indiana never had jurisdiction of the plaintiff in this case, and the proceedings there as to her are void. As remarked by Justice HAND in the case referred to, "It is a sound principle of law, as well as of natural justice, that no person should be bound by a judgment without being heard." And he cited a large number of cases to sustain this position. In this state besides the case of *Visscher* agt. *Visscher*, above cited, the same principle in reference to divorces was applied in the case of

*Buden* agt. *Fitch*, (15 *John.* 121.) In this case the husband being in the state of Vermont, applied there, his wife then being in Connecticut, and never having been in Vermont, and having no notice of the proceedings for a divorce, which was granted. He came into this state and married another woman, his first wife being still living, and the case turned upon the effect of the divorce granted in the state of Vermont.

THOMPSON, C. J., in delivering the opinion of the court, says, that it appeared from the testimony, that the former wife never was in the state of Vermont, nor in any manner personally notified or apprised at the time of the proceedings in Vermont to obtain the divorce. She did not in any manner, by her agent or attorney, appear or make any defence against such proceedings. A precisely similar state of facts is presented in the case now under consideration. The chief justice says: "The final question is, whether such proceedings in Vermont were not absolutely void? To sanction and give validity and effect to such a divorce, appears to me to be contrary to the first principles of justice. To give any binding effect to a judgment, it is essential that the court should have jurisdiction of the person and the subject matter, and the want of jurisdiction is a matter that may always be set up against a judgment when sought to be enforced, or when any benefit is claimed under it, the want of jurisdiction makes it utterly void and unavailable for any purpose."

These positions are well sustained by authority and sound reasoning, and I have been unable to find any case where the force of this has been questioned. We have already seen that it was recognized as law in the case of *Visscher* agt. *Visscher*, above referred to, and I feel no hesitation in saying that I am not at liberty to question the binding force of these authorities. They decide the precise point presented in this case, holding a decree obtained as this was, to be utterly void and unavailing for any purpose whatever. It therefore follows that it affords no legal justification for the defendant in cohabiting with any other woman than the plaintiff, his lawful wife; and the facts

of such cohabitation, and the other facts necessary to entitle the plaintiff to a divorce *a vinculo*, being clearly established, I have no choice but to direct a decree for a divorce.

A referee may be had to settle the proper alimony to be paid to the plaintiff.