### EMMA HOFFMAN *vs.* WILLIAM HOFFMAN.

When the question arises, in an action brought in this court, by a wife against her husband, *pro causa* adultery, as to the effect which shall be given here to a decree of divorce obtained in a circuit court of Indiana, by the husband against his wife, *as evidence*, it is exclusively a question as to the jurisdiction of the Indiana court to make the decree.

In determining that question, in the second action, the court has nothing to do with any allegations of fraud in instituting the action in, or procuring the decree of, the Indiana court.

The fact that the defendant in the former action instituted a suit to set aside the decree in that action, for fraud, will not estop her, when plaintiff in the second action, from insisting, on the trial thereof, that the Indiana court never acquired jurisdiction of her person, so as to make a decree of divorce which the courts of this State are bound to regard as conclusive evidence of a decree valid as to her.

The courts of this State will not regard a service or notice of the pendency of an action by publication in an Indiana newspaper, as giving a court of that State jurisdiction of a defendant who was, at the time, a resident of this State.

A decree for divorce should not direct the payment, by the defendant, of arrears of alimony previously ordered by the court. The plaintiff should be left to enforce the payment of such arrears in the ordinary way.

In respect to permanent alimony, the better way is to direct a reference, to ascertain the amount which should be allowed. Yet a decree of divorce will not be reversed on appeal, because it orders the payment of a specified sum, without a reference.

APPEAL from a judgment or decree of divorce *pro causa adultery.*

*By the Court,* SUTHERLAND, J. The judgment of the supreme court of Indiana, which reversed the judgment of the circuit court in the action of Emma Hoffman against William Hoffman, left the judgment or decree of the circuit court of Indiana in full force; that is, left that decree with all the force that it ever had.

The material question in this case is, as to the effect which should be given here, to the decree of divorce by the circuit court of Indiana, *as evidence.* In other words, should the court below have regarded the record of the

judicial proceedings, including the judgment, in the Indiana divorce suit, instituted by William Hoffman, as conclusive evidence that he had been divorced from the plaintiff in this action, his former wife, when the acts of adultery alleged and, I assume, proved, in this action, took place?

Considering the provision of the constitution of the United States, (*Art.* 4, *sec.* 1,) requiring "full faith and credit to be given, in each State, to the public-acts, records and judicial proceedings of every other State," the question is not free from difficulty.

An examination of the cases cited by counsel, and other cases, has satisfied me that the question is exclusively a question as to the jurisdiction of the Indiana court to make the judgment or decree; that the court below, in deciding the effect to be given to the judgment or decree as evidence, in this action, had nothing to do with the allegations of fraud in instituting the action in, or procuring the decree of, the Indiana court. It seems that the defendant in that action, and the plaintiff in this, thought or was advised that the court in Indiana which made the decree was the proper court to set it aside for fraud, for she instituted a suit in that court for that purpose. But the institution of that suit did not, in my opinion, estop the plaintiff in this action from insisting, on the trial of this action, that the Indiana court never acquired jurisdiction of her person, so as to make a decree of divorce which the courts of this State were bound to regard as conclusive evidence of a decree valid as to her.

The court below found, as matters of fact, that the plaintiff in this action was never served with any summons or other process in the action in the Indiana court in which the decree of divorce was made; and that during the pendency of that action, both she and her husband (the plaintiff in that action and defendant in this) were residents of this State. But the record of the proceedings

Hoffman *v.* Hoffman.

in that action shows that she was notified of the pendency of the action, by publication in a newspaper in Indiana, according to a law of that State. The inference from the record is, that she was not notified of the pendency of the action in any other way; and there is no evidence that she was. The record also shows that she did not appear in the action in which the decree of divorce was made.

No doubt all the proceedings in the action in the Indiana court were regular; that is, according to the forms of law prescribed by the laws of Indiana; but the question is, whether the courts of this State will regard the service or notice, by publication in the Indiana newspaper, as giving the Indiana court jurisdiction of the person of the defendant, in that action. It has been decided, in *Vischer* v. *Vischer,* (12 *Barb.* 640,) and in *McGiffert* v. *McGiffert,* (31 *id.* 69,) that they will not.

It does not appear from the report of the last mentioned case that there was service by publication, but it is presumed that there was.

In my opinion we cannot reverse the judgment appealed from, so far as it grants or decrees the divorce, without disregarding or overruling the cases last referred to; and therefore I think that part of the judgment appealed from should be affirmed.

But I find nothing in the case to support the judgment appealed from so far as it orders or decrees the payment of arrears of alimony theretofore ordered by the court. The previous order of the court does not appear in the case, nor does it appear to have been produced on the trial; and if it had been, I do not see why the plaintiff should not have been left to enforce the payment of the alimony in arrears, in the ordinary way. I think the judgment should be modified, by striking out this part of it, without prejudice to the plaintiff's right to enforce the payment of the alimony in arrears, if any, in such way as she may be advised.

As to that portion of the judgment decreeing or giving $800 per year as permanent alimony, though perhaps it would have been better for the court to have made a reference to ascertain the amount which should be allowed, yet on this appeal I think we should presume that the court below was sufficiently informed as to the condition and circumstances of the parties to fix the allowance.

The plaintiff should have her costs on this appeal.

[New York General Term, November 1, 1869. *Clerke, Sutherland* and *Geo. G. Barnard,* Justices.]