Holmes *v.* Holmes.

tiffs, by their notice, obtained a lien on the house. This is erroneous if the defendant was not the owner. The *third* is, that the plaintiffs were entitled to judgment for their debt and costs. This is also erroneous, as in this proceeding no judgment can be rendered for debt and costs, unless a lien has been obtained.

The exceptions to the conclusions of law, on their face, are sufficient, and they are before us for review.

The judgment should be reversed, with costs. As a new trial would be no benefit to the plaintiffs, none should be awarded.

[ONONDAGA GENERAL TERM, October 5, 1869. *Morgan, Bacon, Foster* and *Mullin,* Justices.]

———————◆———————

CHARLES HOLMES *vs.* SARAH A. HOLMES.

A decree of divorce obtained in another State upon a personal service of process upon the defendant in this State, is valid and effectual, so far as the plaintiff is concerned.

DEMURRER to the defendant's answer. The action was for a divorce *a vinculo matrimonii*. By her answer the defendant set up three defenses; by the second of which she alleged that in 1865 the plaintiff, claiming to be a resident of the State of Iowa, instituted proceedings in that State to obtain a divorce from her on account of cruel and inhuman treatment of the plaintiff by the defendant, and that due notice of such proceedings, in accordance with the laws of Iowa, was personally served upon the defendant, she then being in the State of New York, but that she did not appear, to oppose such proceedings, but suffered a default to be taken; and that such proceedings were thereupon had, in a district court of said State of Iowa, that upon the pleadings and the proofs

offered by the plaintiff, it was decreed "that the bonds of matrimony between said plaintiff and said defendant be totally dissolved, and that the plaintiff be restored to the same condition, as relates to the defendant, as though the marriage between the plaintiff and defendant had never taken place."

And it was by said answer further averred, that said decree, by the laws of Iowa, then and at all times since was, and is, legal, valid and effectual; and that thereby the marriage contract between the parties to this action was annulled, and the defendant was thereby restored to all the rights and privileges of an unmarried woman, including the right to marry again.

To this second defense the plaintiff demurred, upon the ground that it did not state facts sufficient to constitute a defense.

*E. H. Prindle,* for the plaintiff, cited *Borden* v. *Fitch,* 15 *John.* 121; *Vischer* v. *Vischer,* 12 *Barb.* 640; *McGiffert* v. *McGiffert,* 31 *id.* 69; *Bradshaw* v. *Heath,* 13 *Wend.* 407; *Todd* v. *Kerr,* 42 *Barb.* 317; *Munroe* v. *Douglas,* 4 *Sandf. Ch.* 126; 3 *Am. Law Reg. N. S.* 193 *and cases cited; D'Arcy* v. *Ketchum,* 11 *How. U. S.* 165; *Webster* v. *Reid, Id.* 456; 18 *id.* 404; 2 *Bish. on Mar. and Div.* 4th ed. §§ 157, 160, *and cases cited; Dunn* v. *Dunn,* 4 *Paige,* 425; *Price* v. *Hickok,* 39 *Vt. Rep.; Fenton* v. *Garlick,* 8 *John.* 193; *Kilburn* v. *Woodworth,* 5 *id.* 37.

*H. R. Mygatt,* for the defendant, cited *Coddington* v. *Coddington,* 10 *Abb. Pr. Rep.* 450; *Kinnier* v. *Kinnier,* 53 *Barb.* 454; 2 *Bish. on Mar. and Div.* 4th ed. 706, § 760; *Dezell* v. *Odell,* 3 *Hill,* 215.

BOARDMAN, J.   To sustain this demurrer it is necessary to assert, as a legal principle, that both parties to the action must have resided within the State of Iowa when the decree

in question was granted; that service of process, summons or notice upon a defendant outside of the limits of the State wherein the action is brought is null and void, and gives to the court no jurisdiction of the person of the defendant—no power to make the decree in question. I think such doctrines cannot be sustained. They would certainly invalidate many decrees in divorce cases, granted under the laws of this State, where service is made by publication, or by personal service without the limits of the State. It would render it impossible to obtain a divorce when the defendant had left the State at the same time the act giving a right of action was committed, as in case of adultery, accompanied by elopement. I do not understand that any cases go so far.

Nearly all of the cases cited by the plaintiff's counsel declare decrees void where no process was served upon, or notice given to, a defendant residing in another State, unless the defendant voluntarily appeared. The case of *Dunn* v. *Dunn*, (4 *Paige*, 425,) was one of irregularity, and the chancellor recognizes the statutory mode of proceeding to acquire jurisdiction. The irregularity was, however, fatal to the decree. Several of the cases relate to the effect of foreign decrees upon property in this State, and were held to be invalid as against the laws of this State touching the right to or disposition of property. (5 *John.* 37. 8 *id.* 194. 13 *Wend.* 407.) Not one of these cases holds that a decree is void when process or notice is served personally on the defendant outside of the jurisdiction of the court; but by implication, nearly all the cases hold that such service is sufficient. 2 *Bish. on Mar. and Div.* 4th ed. § 155, &c., lays down the rule as follows: "To entitle the court to take jurisdiction, it is sufficient for one of the parties to be domiciled in the country; both need not be; neither need the citation, when the domiciled party is plaintiff, be served personally on the defendant, if such service cannot be made." The author

Holmes *v.* Holmes.

has maintained this proposition with great learning and cogency. Chancellor Kent, (2 *Kent's Com.* 11*th ed. m. p.* 110,) expresses the same opinion, "that divorces pronounced according to the laws of one jurisdiction * * ought to be recognized, in the absence of all fraud, as operative and binding everywhere, so far as relates to the dissolution of the marriage;" approving the decision in *Harding* v. *Alden*, (9 *Greenlf.* 140.) It is submitted that every State has the right to relieve its *bona fide* citizens from disabilities wrongfully endured, and to redress wrongs.

Whatever may be deemed the *status* of the defendant, in cases like this, it cannot be denied that the divorce is effectual, so far as the plaintiff is concerned. It would seem preposterous that he should attempt to invalidate a decree to which he is a party, which he has procured to be made, and upon the faith of which the defendant has acted. Of course every decree is liable to be impeached for fraud or collusion, or by showing a want of jurisdiction of the plaintiff, or of the subject matter. But these are considerations which cannot arise upon a demurrer.

Upon a careful review of this case, it would seem that the decree pleaded by the defendant was had upon due notice to the defendant, and that the divorce thereby granted was valid and effectual, under the laws of the State of Iowa, so far as appears upon such record; that being valid and binding upon the parties thereto, under the laws of the State where the same was rendered, it becomes *prima facie* evidence of the facts therein contained, in the courts of every other State.

The demurrer to the second defense or answer is therefore overruled, with the costs of the demurrer; with leave to the plaintiff to reply, if he shall be so advised, within twenty days after notice of this decision, upon payment of such costs.

[CHENANGO SPECIAL TERM, February 21, 1870. *Boardman,* Justice.]