GALINGER, Respondent, *v.* GALINGER, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, NOVEMBER, 1871.)

The General Term may entertain an appeal from an order, fixing an amount of alimony in an action for divorce, and it seems may order a reference to ascertain what allowance therefor is suitable.

An order directing payment of arrears of alimony allowed is erroneous.

Upon the trial of a question as to the proper allowance for alimony, evidence of an offer on behalf of an unnamed person, with tender of a contract, in blank, agreeing to purchase real property at a price, and upon terms, at which the defendant (the owner from whom the alimony is due), in his testimony has said he would sell, does not show the value of the property to be equal to the amount offered, in opposition to competent evidence to the contrary.

THE plaintiff in this action sued for a limited divorce, and a decree was entered in her favor therein, decreeing a separation, and also fixing an amount to be paid by the defendant for alimony, and directing the securing of the payment thereof, also the costs, &c., chargeable against the plaintiff, and providing for an execution, upon application, to the court

for the collection of such sums as might not be paid from time to time. This decree was entered *ex parte*, and it was afterward ordered that its operation should be suspended so far as regarded its provisions with respect to alimony, until the coming in of the report of a referee thereupon appointed, to ascertain the income, means and indebtedness of the defendant, to the Special Term of the court. The referee having made his report under this order, a motion was made to refer the matter back to him, and an order was accordingly made, so referring it, with direction to report his opinion as to the amount proper to be allowed as permanent alimony.

Upon the reference the plaintiff gave testimony as to the property of the defendant and its value, which the defendant met by testimony as to value, given by certain brokers in real estate, and experts in the value of property in the vicinity of that which was shown to be owned by him.

The testimony on the part of the plaintiff went to show the value of the real estate in question to be in the aggregate nearly fifty-two thousand dollars; while the defendant's experts made out the value to be considerably less than that amount. The defendant was examined on his own behalf and upon cross-examination said he would sell the property for a sum named, greater than his valuation of it. After this testimony of the defendant, one of the plaintiff's attorneys testified that he had a purchaser for one piece of the property at $40,000; that the plaintiff would release her dower in it upon certain conditions, to which the defendant had also assented. That this purchaser offered to take the property at this price (which, with the remaining real estate of the defendant's would make the aggregate value $52,000), and upon the defendant's own terms; and that he had communicated this offer to the defendant's attorney, stating that the purchaser would make the required deposits of cash—a contract to be drawn with the vendee's name, in blank—and that sufficient guaranties would be given for its performance.

The referee reported in addition to the facts found by him his opinion as to a suitable amount of alimony. Upon motion

Galinger *v.* Galinger.

of the plaintiff at Special Term this report of the referee was set aside; and the court, by order entered thereupon, fixed the amount of alimony at a larger sum than fixed by the decree or reported by the referee; and also directed payment of arrears of alimony. From this order this appeal was taken by the defendant.

*J. M. Smith,* for the appellant.

*M. Morrison,* for the respondent.

Present—INGRAHAM, P. J., and BARNARD, JJ.

INGRAHAM, P. J. The questions as to the appeal from the order granting alimony, and from the order as made by the judge instead of by the referee, are decided by the Court of Appeals in *Forrest* v. *Forrest* (25 N. Y., 501).

As to the first question, it was decided that the General Term could not only entertain the appeal, but might order a reference to ascertain the suitable amount to be allowed. As to the second the court say, the object of the reference and the report of the referee is to inform the conscience of the court; but it is the court, not the referee, who adjudges the question as to what is a suitable allowance.

Hence, there can be no available exception to the report of the referee, or to his admission or rejection of evidence.

The order appealed from was erroneous in directing the payment of arrears of alimony. The plaintiff should have been left to enforce the payment of the alimony in the ordinary way. Such was the decision of the General Term of this district in *Hoffman* v. *Hoffman* (55 Barb., 269).

I do not think the evidence on the part of the plaintiff warranted the conclusion that his property was worth $52,000. The only proof is, that some one, not named, would give $40,000 for the Eighth avenue property, and, when the defendant agreed to accept that price, instead of a tender of a proper contract, he was asked to sign one in blank. This he properly refused; and the whole evidence is hardly sufficient to over

come the evidence offered on the part of the defendant that the value of that property was much less.

The same difficulty occurs as to parts relating to his debts. The defendant swears that it exceeds $26,000. Although there may be some suspicion as to one or two of the claims, still there is no evidence to contradict him in regard to any of them. In the absence of such proof, it can hardly be just to the party to fix the alimony on the supposition that he had sworn falsely, without any evidence to prove his statements untrue.

The value of the property, as found by the referee, was $38,800, and the indebtedness was $26,250. This would leave, as the amount of his property, $12,550, and would not warrant alimony to the extent of the order. The amount originally fixed by the order of Judge BARNARD was quite as much as should have been allowed.

If the plaintiff will stipulate to accept that sum, $600 annually, the order may be so modified. If not, the order is vacated, and the case sent back to the referee for such further evidence as to the value of the defendant's estate as may be offered by the parties.

Ordered accordingly.