## DAVIS v. DAVIS.

(Common Pleas of New York City and County, Special Term. February 20, 1893.)

1. DIVORCE—FOREIGN DECREE—EFFECT.
   A decree of divorce in another state, proceeding only on a constructive service of process by publication, though valid by the law of the forum, is, by the law of New York, a nullity as to defendant spouse resident in New York.

2. SAME—SUBSEQUENT MARRIAGE.
   A marriage with the plaintiff in such divorce suit, contracted after the divorce, annulled on the ground of the invalidity of the divorce.

3. SAME—WHO MAY IMPEACH DECREE.
   The judgment of divorce, however, cannot be impeached in the action by the second spouse for fraud or error, nor because the divorce was for a cause not recognized in this state.

(Syllabus by the Court.)

Action by Carrie Guran Davis against Simon Davis to annul the marriage of plaintiff to defendant. Judgment for plaintiff.

In a suit in Massachusetts by this defendant against a former wife, proceeding on a constructive service of process by publication, he obtained a decree of divorce for desertion. That decree is challenged as a nullity, for want of personal service and of an appearance by the defendant therein.

John P. Nieman, for plaintiff.

PRYOR, J. The plaintiff sues to annul her marriage with the defendant, because of the alleged invalidity of his judgment of divorce from another woman. The judgment is impugned for fraud, for proceeding upon a ground not recognized as a cause of divorce in this state, and for error in deciding that the plaintiff in the action was a resident of Massachusetts; but that neither of these objections is available to the plaintiff in the present action is clear on principle, and was adjudicated in Kinnier v. Kinnier, 45 N. Y. 535. The only ground, therefore, upon which the plaintiff may invalidate the divorce between the defendant and the other woman is defect of jurisdiction in the court pronouncing the judgment to affect her status as a wife.

As the marriage purporting to be dissolved was not celebrated in Massachusetts, as the defendant in the divorce suit was not domiciled in that commonwealth, nor was served with process there, nor appeared in the action, it results that, by the law of New York, the judgment against her is of no effect; that she is still the wife of the defendant; and that, by necessary consequence, his marriage with this plaintiff is a nullity.  Mellen v. Mellen, 10 Abb. N. C. 329; O'Dea v. O'Dea, 101 N. Y. 23, 4 N. E. Rep. 110; Jones v. Jones, 108 N. Y. 415, 15 N. E. Rep. 707; Williams v. Williams, 130 N. Y. 193, 29 N. E. Rep. 98; De Meli v. De Meli, 120 N. Y. 485, 24 N. E. Rep. 996; People v. Baker, 76 N. Y. 78.  To this conclusion I am compelled, but I am not forbidden to say that my reason revolts against it.  By the law of Massachusetts, its court had jurisdiction of the defendant in the divorce suit, and the decree of divorce is valid and conclusive.  By virtue of the supreme law of the nation, "a decree in divorce, valid and effectual by the laws of the state where obtained, is valid and effectual in all other states," (Cheever v. Wilson, 9 Wall. 109;) and yet I am to declare this Massachusetts judgment a nullity.  And why?  Because the jurisdiction of the Massachusetts court rests solely on a constructive service of process by publication; and by the law of New York such service is of no avail. But such constructive service of process is the only foundation of the jurisdiction of this court in the present case; yet, by the law of New York, such service gives jurisdiction to its court, and the judgment I am to render is not only valid, but of so transcendent an efficacy as to impeach the records and cancel the judicial proceedings of another state. In reason, such service of process should be sufficient in both states, or in neither.

Equally anomalous will be the effect of the judgment of this court on the relation and rights of the parties.  In Massachusetts, not the former spouse, but this plaintiff, is the lawful wife of the defendant; while in New York the former spouse is still the wife of the defendant, and his connection with the plaintiff a crime.  Indeed, relying on the nullity of the Massachusetts decree, the former wife has instituted here an action for divorce from the defendant, on the allegation that his marriage with this plaintiff is an adulterous association.  The executive of New York may demand from Massachusetts the rendition of the defendant as a bigamist; but can he be a bigamist whom Massachusetts had released from the former marriage?  The absurd and mischievous consequences of the present judgment do not relieve me from the necessity of pronouncing it; but perhaps the exposition of them may not be amiss in the prevalent agitation for a uniform system of marriage and divorce.  Judgment for plaintiff.