Toosey *v.* Toosey.

of the courts held by either of the said justices shall abate or be discontinued by reason of the death, removal from office, or vacancy in office of any justice, but the respective successors in office of the said justices shall proceed to hear, try, determine, and give judgment in and upon the same, and upon all matters and things pending before and undecided by their predecessors in office, with the same powers, jurisdiction, and authority as their predecessors had." From this section it is clear that ex-justice McGowN had no authority to act in this case after the expiration of his term of office.

It is too well settled to need the citation of authorities, that the consent of parties cannot confer jurisdiction where none exists; and therefore the consent of the parties cannot avail the petitioner in this case; and the order was null and void.

The order must therefore be reversed, with costs.

Order reversed, with costs.

---

EDWARD H. TOOSEY, Appellant, *against* JANE KIPLE TOOSEY, Respondent.

(Decided May 18th, 1888.)

In an action brought in New York by a husband against his wife for separation on the ground of abandonment, it appeared that the parties were married in Pennsylvania and resided there together; that the husband subsequently took up his residence in New York, and the wife refused to follow him, but continued in Pennsylvania, such refusal and continuance being the alleged abandonment. *Held,* that the courts of New York had no jurisdiction, the residence of the husband in New York not drawing with it the residence of the wife so as to make them both residents of the state within section 1763 of the Code of Civil Procedure.

APPEAL from an order of this court denying a motion for confirmation of the report of a referee and for judgment thereon.

Toosey *v.* Toosey.

The facts are stated in the following opinion delivered on the hearing of the motion at Special Term.

J. F. DALY, J. — This is an action brought by the husband against the wife for a separation on the ground that she has abandoned him.

The parties were married in Pennsylvania, and resided there together until August, 1886, when the husband came to New York to reside, the wife refusing to follow him, and always since residing in Pennsylvania. The alleged abandonment is her refusal to follow him to this state.

Section 1763 of the Code prescribes the cases in which an action for separation may be maintained, viz.: 1st. Where both parties are residents of the state when the action is commenced. 2d. Where the parties were married within the state, and the plaintiff is a resident thereof when the action is commenced. 3d. Where the parties, having been married without the state, have become residents of the state, and have continued to be residents thereof at least one year; and the plaintiff is such a resident when the action is commenced.

The case made out by this plaintiff does not fall within any of the above provisions unless, as he contends, the residence of the husband at this time in this state draws the residence of the wife with it, and that we are therefore to hold that both parties are residents of this state at the present time. It is undoubtedly the rule of law that the residence of the husband is to be deemed the residence of the wife, but the Code in the section above quoted seems to recognize the fact that the parties, although husband and wife, may reside in different states; and has excluded the case in which there may happen to be such different residences from the relief afforded by its provisions.

It is contended, however, that the legislature does recognize the common law rule, and had it in view when framing the section in question, and intended that the residence of the husband in this state should be deemed the residence of the wife.

Toosey v. Toosey.

This contention is based in the first place on section 1768. That section provides that if a married woman dwells within the state when she commences an action against her husband, as prescribed in the preceding articles, she is deemed a resident thereof, although her husband resides elsewhere. This provision was undoubtedly designed to prevent the argument, that a wife who is an actual inhabitant of this state should be denied the rights of a resident plaintiff because her husband resided elsewhere.

It may, however, be argued, with great force, that it applies only to such cases as may be maintained where the plaintiff only is a resident of this state (as provided in subdivisions 2 and 3 of section 1763), and does not avoid the effect of a positive enactment which requires, as the sole ground of jurisdiction, that both parties shall be residents.

The contention is based, in the second place, upon section 438 of the Code, providing for publication of summons. Subdivision 4 of the section, as originally enacted, read as follows: " Where the defendant is a resident of the state, and the complaint demands judgment annulling a marriage, or for a divorce or a separation." In 1879 it was amended so as to read as follows: " Where the complaint demands judgment annulling a marriage or for a divorce or a separation." It is argued that the legislature thus signified an intention to permit jurisdiction of actions against husband or wife when non-residents, and that provision embraces an action like the present.

There can be no question that such intention was to give jurisdiction against a non-resident defendant, but section 438, like section 1768, must be read in conjunction with section 1763, and be deemed to apply to those cases expressly mentioned in the latter, where an action may be maintained by the husband or wife who is a resident against the other who is a non-resident. It still does not affect the case in which the sole ground of jurisdiction is declared to be the residence in this state of " both parties." From the reading of the statute it seems to me that the legislature, in making jurisdiction depend upon residence within the state, had in

view actual residence as distinguished from that implied by a mere legal fiction. As the defendant is not a resident, and was not married in this state, and has never at any time resided therein with plaintiff, the case is one not provided for by the statute, although the defendant has in fact abandoned her husband.

From the order entered on this decision, denying plaintiff's motion on the ground that the court had no jurisdiction of the action, plaintiff appealed.

*M. B. Field*, for appellant.

PER CURIAM. — [Present, LARREMORE, Ch. J., ALLEN and BOOKSTAVER, JJ.] — We think that the question presented on this appeal was correctly decided by the court below. The order appealed from is affirmed upon the opinion of the Special Term.

Order affirmed.