### HEWES *v.* HEWES.

*(Supreme Court, General Term, First Department.   October 16, 1891.)*

ACTION FOR DIVORCE—VENUE—RESIDENCE.

 Code Civil Proc. N. Y. § 1763, providing that an action for separation for th? causes enumerated may be maintained "where both parties are residents of the state when the action is commenced," or "where the parties, having been married without the state, have become residents of the state," etc., means an actual, and not a theoretic, residence, and the rule that the domicile of the wife follows tha' of the husband does not apply.

Appeal from special term, New York county.

Action by Prosper S. Hewes against Annie K. Hewes, for a separation on the ground of abandonment. It appeared at the trial that the parties were married in Pennsylvania, where the desertion took place; and that, after such desertion, plaintiff took up his residence in New York, where he had continued to reside for over one year, when the action was commenced. It did not appear that defendant had ever resided in the state of New York. The complaint was dismissed, upon the report of the referee, for lack of jurisdiction, upon the ground that an action for separation would not lie where the parties were married elsewhere than in the state of New York, and defendant had never become an actual resident therein. Code Civil Proc. N. Y. § 1763, provides that an action for separation for the causes enumerated in section 1762 "may be maintained in either of the following cases: (1) Where both parties are residents of the state when the action is commenced; (2) where the parties were married within the state, and the plaintiff is a resident thereof when the action is commenced; (3) where the parties, having been married without the state, have become residents of the state, and have continued to be residents thereof at least one year, and the plaintiff is such a resident, when the action is commenced." From a judgment entered upon the report of a referee, dismissing the complaint, plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Anson Beebe Stewart,* for appellant. *Biddle & Ward, (Charles M. Hough,* of counsel,) for respondent.

INGRAHAM, J. To entitle the plaintiff to a judgment for a separation he must bring his case within section 1763 of the Code. In this case the parties to this action were married in the state of Pennsylvania, and the defendant has never actually resided within the state. The plaintiff, however, claims that, as the domicile of the wife follows that of the husband, the residence of the plaintiff within this state made the wife also a resident. It is clear, however, that the residence spoken of in the section of the Code cited is an actual residence of each of the parties, and not the theoretic residence of the wife, which is presumed to follow that of the husband. The language used is in the plural. It is the parties that must be residents of the state to entitle either of them to maintain the action, and the authorities sustain this view. In *Mellon* v. *Mellon,* 10 Abb. N. C. 331, RUMSEY, J., says: "Where the husband brings his action to dissolve the marriage contract, the theoretic identity of person and interest ceased, and the legal fiction of the one domicile no longer operated. The rights of the parties and the jurisdic-

tion of the court must there stand upon the actual existing fact as it was;" and he is sustained by the authorities cited in his opinion. This construction is given to the section of the Code cited in *Ramsden* v. *Ramsden*, 28 Hun, 285; *Toosey* v. *Toosey*, (Com. Pl. N. Y.) 3 N. Y. Supp. 951. We think, therefore, that the plaintiff failed to bring the case within the section of the Code cited, and that the disposition of the case by the referee was correct. It follows that the judgment appealed from must be affirmed, with costs. All concur.