Ida Elizabeth Ensign, Plaintiff, v. Harry Asher Ensign, Defendant.

(Supreme Court, New York Special Term, May, 1907.)

Alimony: When alimony will be awarded — Effect of wife's denial under oath: Procedure — Hearing and evidence — Issues determinable; Second application — How regarded.

Upon the renewal of a motion by the plaintiff in an action for divorce for a counsel fee and alimony during the pendency of the action, the technical rules usually applicable to the renewal of a motion should not be enforced; but it should be regarded as a reargument, with opportunities to each of the parties to submit additional affidavits.

Where the counter-charges of defendant against the plaintiff are absolutely denied by her and the affidavits present a debatable issue as to the actual residence of the parties, to be left to the trial of the action for determination, a reasonable allowance for alimony and counsel fee should be granted.

Renewal of motion by plaintiff for alimony and counsel fee in an action for separation.

A. R. Leszinski, for plaintiff.

Perry Allen, for defendant.

Greenbaum, J. I do not think the technical rules usually applicable to the renewal of a motion should be enforced in a matrimonial action when it is made apparent that the supplemental proofs materially tend to change the situation so as to require a reconsideration. Indeed, the motion may be regarded as a reargument, with opportunities to each of the parties to submit additional affidavits. When the motion for counsel fees was originally presented a strong impression was made upon me, emphasized by the unverified reply to the defendant's counterclaim, that the proof of plaintiff's alleged misconduct and of her nonresidence was overwhelmingly favorable to defendant's contentions. As

the facts now appear there seems to be reason for contending that defendant for upwards of a year before the beginning of this action was a resident of this State. He has apparently been engaged for years in active business in this city. In October, 1905, the parties concededly lived together in this city, but owing to some differences between them it was arranged that plaintiff alone return to England, her birthplace; the defendant remained in this country, took a trip to the west to attend to his affairs, and it was not until October, 1906, that he went to England, where he remained a short time, and returned to this city with the plaintiff, when differences between them again arose, culminating in her leaving her husband and the bringing of this action for separation. It thus appears that since October, 1905, defendant has been in England, which he asserts is his place of residence, for but a comparatively short time; that his principal business activities are in this country, and that the bulk of the period since October, 1905, has been spent in this city. These circumstances, taken in connection with the plaintiff's asseverations that the English home of the defendant is only a country residence, and not intended as his permanent abode, coupled with her positive allegation that both plaintiff and defendant now are and for upwards of one year before the commencement of this action were residents of this State, are sufficient to present at least a debatable issue as to the actual residence of the parties to be left to the trial of the action for determination. In such a situation it would be permissible to grant alimony and counsel fee *pendente lite.* Gray v. Gray, 143 N. Y. 354. Defendant, however, argues that plaintiff came here expressly to bring this action, and that the Code requires that she have not a theoretical but an actual residence, citing Hewes v. Hewes, 40 N. Y. St. Repr. 680, 681. A study of that case and of the authorities on which it is based shows that, " *prima facie,* the domicile of the wife is the same as that of the husband," but that " the law recognizes exceptions to this rule, the foundation of which is necessity of her protection and the fact that their interests have ceased to be identical." Mellen v. Mellen, 10 Abb. N. C. 329, 331;

Hunt v. Hunt, 72 N. Y. 217, 242. It is clear that a wife may always retain the domicile of her husband, and that she alone may, under exceptional conditions, when her welfare demands it, acquire her own separate and independent domicile. The husband may not by his own acts prevent the wife from adopting or maintaining his domicile as hers. It follows, therefore, if it be found that the defendant was actually a resident of this State for upwards of a year before the commencement of this action, that then the plaintiff may well claim that her husband's was her residence, and hence that the court has jurisdiction to entertain this action. Considering now the merits of the controversy between the parties, it appears from the additional affidavits of the plaintiff that she absolutely denies under oath his charges of infidelity, as also his detailed allegations of unwifely conduct. A sharp issue of veracity is presented, unresolvable upon a motion. Inasmuch as the parties heretofore, by stipulation, agreed that plaintiff be given a weekly allowance of $40, a weekly alimony to the same amount will be granted and a counsel fee of $250.

Ordered accordingly.