IDA ELIZABETH ENSIGN, Plaintiff, v. HARRY ASHER ENSIGN, Defendant.

(Supreme Court, New York Special Term, May, 1907.)

Alimony: When alimony will be awarded — Allowance in action for separation: Procedure — Hearing and evidence — Issues determinable.

Divorce — Jurisdiction — Length and character of residence required — Residence when action commenced.

An action for a separation may be maintained where both parties reside in this State when the action is commenced, irrespective of the length of time that either of them may have resided here.

Where defendant, about the time of his marriage, was engaged in business as a banker in this State and his wife, who lived in England before her marriage, came with him to this country and

after that his business required him to travel considerably and they lived in New Mexico, New Jersey, New York and elsewhere, but in December last he registered as owner of an automobile and described himself as of 32 Nassau street, New York city, and in an advertisement published in January following gave his address as 31 Nassau street in the same city, a debatable issue arises as to his actual residence and, consequently, that of the plaintiff, who had a right to claim the same residence; and an allowance to her for alimony and counsel fee *pendente lite* should be upheld.

MOTION for a reargument. The opinion states the facts.

A. R. Leszinski, for plaintiff.

Perry Allen, for defendant.

GREENBAUM, J.   The correct answer to the fundamental question of jurisdiction presented upon this motion depends upon the accurate interpretation of section 1763 of the Code of Civil Procedure, applicable to actions for separation, which reads as follows: " Such an action may be maintained in either of the following cases: 1. Where both parties are residents of the State when the action is commenced. 2. Where the parties were married within the State and the plaintiff is a resident thereof when the action is commenced. 3. Where the parties, having been married without the State, have become residents of the State, and have continued to be residents thereof at least one year, and the plaintiff is such resident when the action is commenced." It is strenuously insisted on this motion for reargument that the effect of my former opinion is to ignore and overrule appellate court utterances construing the section of the Code under review. Counsel rely upon Hewes v. Hewes, 40 N. Y. St. Repr. 680; 16 N. Y. Supp. 119, which I discussed in my opinion; Ramsden v. Ramsden, 28 Hun, 285, and Toosey v. Toosey, 14 Daly, 537, as decisive. The Hewes case was brought by the husband. Both parties were married without the State, and the defendant had never actually resided within the State. The husband contended " that as the domicile of the wife follows that of the hus-

band the residence of the plaintiff within this State made the wife also a resident," but the court held that the residence contemplated by the Code referred to the actual residence of both parties and "not the theoretic residence of the wife, which is presumed to follow that of the husband," evidently relying upon the case of Mellen v. Mellen, 10 Abb. N. C. 331, from which it quoted an extract of the opinion of Mr. Justice Rumsey to the effect that: "When the husband began his action to dissolve the marriage contract, the theoretic identity of person and interest ceased to exist, and the legal fiction of the one domicile no longer operated." It seemed to me that the Hewes case was readily distinguishable from the case at bar for the reason that there the husband brought the action, and it was not in his power to insist that the theoretical residence of the wife that might ordinarily be presumed to arise from his own residence was her actual residence, when she had the right to assert her own residence, different from that of her husband under the conditions presented in that case. Hunt v. Hunt, 72 N. Y. 242. But it is urged that the Ramsden and Toosey cases are expressly recognized in the Hewes case. The facts in the Toosey case were quite analogous to those in the Hewes case. The action was brought by the husband; the marriage between the parties was solemnized in Pennsylvania, and the wife had never lived in this State. It, therefore, stands on the same footing as the Hewes case. It is true that the Ramsden case is an authority seemingly favoring the defendant's contention. It was a suit for separation brought in April, 1882, by the wife. The parties had been married in Germany, but had been separated for years. The husband had resided here since 1875, while the wife, during the period of his residence here, resided abroad until September, 1881, when she followed him to this city. At the time she commenced her action she had resided here about seven months, and the court held that she did not come within subdivision 3 of section 1763, which required one year's actual residence on her part. A hasty reading of the three subdivisions of the Code shows an apparent inconsistency between subdivisions 1 and 3. The court in that

case said: " These two subdivisions may be somewhat incon-
sistent, but even if they are the clear and explicit terms of
the latter require that to be followed in this case in prefer-
ence to the former " (p. 288). The opinion in the Ramsden
case was that of the General Term of this Department, held
during 1882, and was expressly disapproved of by the Ap-
pellate Division of the Fourth Department, or, to use the
language of that court, " overruled," in the case of Bierstadt
v. Bierstadt, 29 App. Div. 210, 214. Under these circum-
stances, it seems to me that the later opinion of the subse-
quent constitutionally established Appellate Division, even
though not of this Department, should be controlling. It
will add nothing of value to the discussion of the question
to reiterate the reasoning in the Bierstadt case, which to my
mind is cogent and convincing. The inconsistency that was
recognized in the Ramsden case is resolved in the Bierstadt
case, and a clear and reasonable construction of the sub-
divisions of section 1763 is given. It was pointed out that
the first subdivision referred to a situation where both par-
ties were residents of the State when the action was com-
menced, irrespective of where they were married, whereas
the second and third subdivisions of section 1763 had refer-
ence to the case where both parties were not residents of the
State when the action was commenced. To quote from the
opinion (p. 213): " If the marriage has been contracted
within the State, the period of the parties' residence is imma-
terial; but if solemnized out of the State, it is required, in
order to maintain an action against a non-resident defend-
ant, that both parties should, at some time, have become and
remained inhabitants for the period of one year." The
true meaning of the whole section is thus summarized:
" *First.* Where both parties are residents of the State, when
the action is commenced, the action can be maintained with-
out reference to how long either one of them may have re-
sided in the State. *Second.* Where the marriage took place
within the State, the plaintiff who is a resident of the State
when the action is commenced, may maintain the action
against a non-resident defendant without reference to the .
length of the plaintiff's residence and without it being re-

quired that the defendant should ever have resided within the State. *Third.* Where the parties were married without the State, the plaintiff can only maintain an action in the State against a non-resident defendant when the parties have, at some time, been residents of the State for at least a year and the plaintiff is a resident of the State when the action is commenced." It would, therefore, follow that the test of jurisdiction in this case should be the determination of the fact of residence in this State of both parties when the action was commenced, irrespective of the length of time that either of them may have resided in this State or the fact that both at some time became residents of the State and continued as such for at least one year, and that the plaintiff was a resident and the defendant a nonresident of the State when the action was commenced. The next inquiry is: What is meant by the word " resident ", as employed in section 1763? In De Meli v. De Meli, 120 N. Y. 485, 490, 491, which was an action for separation brought by the wife, it appears that the parties were married at Dresden, Kingdom of Saxony, and that they continuously lived in Dresden for eleven years " until the plaintiff came away, and to New York in October, 1881." The fact also appears that, " While Dresden was treated by them as their European home, a considerable portion of their time was occupied in traveling." The plaintiff commenced her action for separation in March, 1882, and the jurisdiction of the court was challenged on the ground of nonresidence in this State of the parties. Says the court: " The fact that they remained there (Dresden) as they did, would, if nothing appeared to the contrary, raise the presumption that the defendant had ceased to be a resident of the state of New York. But the question whether the relation to this state had been severed was dependent upon his intention. There was some evidence tending to prove that he regarded himself as a resident of the state of New York." `Further on the court says: " The question here has relation to the legal residence of the parties. And within the meaning of the statute providing for actions of this character, the place of which the parties are residents is that of the permanent abode, which may be dis-

tinguished from their place of temporary residence. The defendant was not without his domicile, and unless another was acquired by him elsewhere, he retained his domicile of origin. And to effect a change of it the fact and intent must concur. Crawford v. Wilson, 4 Barb. 504; Dupuy v. Wurtz, 53 N. Y. 556; Gilman v. Gilman, 52 Maine, 165; 83 Am. Dec. 502. In legal phraseology residence is synonymous with inhabitancy or domicile. And it is in this sense that the term resident is used in the provisions of the Code before referred to, and persons having that relation to this state are its citizens and residents, and, for the purposes of relief like that in view in this action, they are subject to the jurisdiction of its courts." The opinion then refers to cases where, within the contemplation of some statutes, residence and domicile would not be treated synonymously. Recurring now to the facts, I find that the defendant refrains giving an account of his residence prior to 1902. It appears, however, that the defendant since 1899 has been a member of a banking firm doing business in Nassau street, in this city, with which, prior to that date, he had been connected in the capacity of clerk. He was married in England in 1898, and, according to the plaintiff, shortly after their marriage she left her home in England to follow him " into his own country." It further appears that defendant's business required him to travel very considerably, and that the parties since their marriage have lived, according to defendant, " at various places in America, notably Raton, New Mexico, Morristown, New Jersey, and in the city of New York." In December last defendant registered himself as the owner of an automobile and described himself as of No. 32 Nassau street, New York city. In January last he advertised in one of the daily papers in the city of New York for an auditor and published his address as No. 31 Nassau street, in this city. We thus find that his principal business location is in this city; that his business life was directly connected with the city for many years; that although he has resided at many different places during the past few years, and although he has rented for a long term of years a home in England, it would nevertheless be a mooted question what

his actual domicile is, or, in other words, under the De Meli case (*supra*), what his "residence" was when the action was commenced. It seems to be undisputed that when this action was begun both parties actually resided in New York, and hence it may be argued that under subdivision 1 of section 1763 of the Code jurisdiction attached. But without presuming now to determine the question of residence I think that both under the state of the law and the facts such a debatable issue as to "residence" is presented as to warrant the granting of alimony and counsel fee *pendente lite* under the authority of Gray v. Gray, 143 N. Y. 354, to which I adverted in my former opinion, and, therefore, I do not deem it proper to disturb the previous disposition of the motion. Motion for reargument denied, with ten dollars costs.

Motion denied, with ten dollars costs.