## WACKER v. WACKER.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. DOMICILE (§ 10*)—HUSBAND AND WIFE—PERSONAL RIGHTS AND DUTIES.
    A husband's domicile is prima facie that of the wife.
    [Ed. Note.—For other cases, see Domicile, Cent. Dig. § 39; Dec. Dig. § 10.*]

2. HUSBAND AND WIFE (§ 3*)—PERSONAL RIGHTS AND DUTIES—DOMICILE.
    Where a married woman is wrongfully abandoned by, or for good and sufficient reasons leaves, her husband, she may acquire a separate domicile for the purpose of enforcing her rights.
    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 5–8; Dec. Dig. § 3.*]

3. DOMICILE (§ 8*)—JURISDICTION—DOMICILE OR RESIDENCE OF PARTIES.
    A domicile, once acquired, is presumed to continue until a new one is acquired.
    [Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 36, 37; Dec. Dig. § 8.*]

4. DIVORCE (§ 62*)—JURISDICTION—"DOMICILE" OR RESIDENCE OF PARTIES.
    A wife, abandoned by her husband in a foreign country, and who at the commencement of an action for separation had never been in this state, was not entitled to maintain such action under Code Civ. Proc. § 1763, subd. 1, authorizing such an action where both parties are residents of the state when the action is commenced, since under the definition of "domicile" as the place where one has his true, fixed, permanent, and principal establishment, to which, whenever he is absent, he has the intention of returning, her domicile did not follow that of her husband, and, even if she had a constructive domicile in this state, that was insufficient, in view of the former provision of the Revised Statutes that the action might be maintained between a husband and wife, inhabitants of the state, and the fact that the only change in the Code is the insertion of the word "both," which requires an actual, as distinguished from a constructive, residence.
    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 208–216, 220; Dec. Dig. § 62.*
    For other definitions, see Words and Phrases, vol. 3, pp. 2168–2179; vol. 8, pp. 7641, 7642.]

Appeal from Special Term, New York County.

Action by Fredericka Wacker against John F. Wacker. From an order denying a motion to vacate an order awarding a temporary alimony and counsel fee, and appointing a receiver in sequestration proceedings, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Benjamin Scharps, of New York City, for appellant.

William ,H. Hamilton, of New York City, for respondent.

McLAUGHLIN, J. The parties intermarried in Germany in 1886, where they continued to reside until some time in 1891, when, according to the allegations of the complaint, the defendant, wrongfully and without just cause or provocation, abandoned the plaintiff, and has since refused to support or live with her. Shortly after the abandonment, the defendant came to the state of New York, where he has since resided. The action was commenced by the service of a summons on the defendant on the 31st of May, 1912, and the plaintiff was not then within the state of New York, nor had she ever been in the United States. Subsequently she left Germany, and reached New York about the 20th of June, 1912; the defendant in the meantime having temporarily left New York for Germany, where he was when she arrived. He did not appear in the action, but his default was subsequently opened, and he was permitted to come in and defend. During his default the plaintiff obtained, ex parte, an order awarding her $10 a week alimony and $500 counsel fee, and also an order appointing a receiver of defendant's property in sequestration proceedings. After defendant had appeared in the action, he moved, upon notice, to vacate the order awarding alimony and counsel fee and appointing the receiver. The motion was denied, and he appeals, urging that both orders are erroneous, since the court did not have jurisdiction of the subject-matter of the action.

The question, therefore, which is presented by the appeal, is whether, under our statute (section 1763 of the Code of Civil Procedure), this action can be maintained, when, at the time it was commenced, plaintiff was not, and never had been, a resident of the state. The statute provides that an action of this character may be maintained (1) where both parties are residents of the state when the action is commenced; (2) where the parties were married within the state, and the plaintiff is a resident thereof when the action is commenced; and (3) where the parties, having been married without the state, have become residents of the state, and have continued to be residents thereof at least one year, and the plaintiff is such a resident when the action is commenced.

[1, 2] Plaintiff contends that she comes within subdivision 1, and was in fact a resident of the state when the action was commenced, because her husband was then domiciled and resided here; in other words, that she had a right, at her election, to consider her husband's domicile and residence her own. The rule seems to be well settled that the domicile of the husband is prima facie that of the wife. Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129. This rule, however, has its exception, which is that where a married woman is wrongfully abandoned, or for good and sufficient reason leaves her husband, she may acquire a separate domicile for the purpose of enforcing her rights. Cheever v. Wilson, 76 U. S. 108, 19 L. Ed. 604; Harris v. Harris, 83

App. Div. 123, 82 N. Y. Supp. 568; Ensign v. Ensign, 54 Misc. Rep. 289, 105 N. Y. Supp. 917; affirmed 120 App. Div. 882, 105 N. Y. Supp. 1114. I have been unable to find any authority in this state to the effect that the domicile acquired by the husband after he has wrongfully abandoned his wife is prima facie her domicile. There are authorities in some of the other states to this effect; but they seem to proceed upon the theory that she could not, if she so desired, acquire a separate domicile. Nichols v. Nichols (C. C.) 92 Fed. 1; Greene v. Greene, 11 Pick. (Mass.) 415; Kashaw v. Kashaw, 3 Cal. 313; Masten v. Masten, 15 N. H. 159; Mellen v. Mellen, 10 Abb. N. C. 329, and note.

[3, 4] Here plaintiff's domicile of origin and matrimonial domicile were in Germany. Was her domicile, upwards of 20 years after being abandoned, prima facie, the domicile of the husband; she in the meantime not having done a single act indicating an intention on her part to so construe it? Domicile of origin is presumed to continue until a new one is acquired (Dupuy v. Wurtz, 53 N. Y. 556), and the burden of proving a change rests upon the party alleging it. Matter of Newcomb, 192 N. Y. 238, 84 N. E. 950. Domicile has been defined as the place where one "has his true, fixed, permanent home and principal establishment, to which, whenever he is absent, he has an intention of returning." Story on Conflict of Laws (8th Ed.) p. 41. Under this definition, it is not difficult to see the plaintiff, at the time the action was commenced, did not have a domicile in the state of New York in fact, because she had never been here, and so far as appears had no intention of coming. If she were domiciled here, then it was solely by reason of the fiction that her domicile followed that of her husband, which, under the facts here presented, I do not think it did. But, even assuming that she had a constructive domicile in the state of New York, I do not believe this gave her the right, without coming into the state, to maintain this action. The plaintiff, if she can maintain the action at all, must come within the first subdivision of the section of the Code hereinbefore referred to, which provides that such an action may be maintained:

"1. Where both parties are residents of the state when the action is commenced."

Prior to 1880 the Revised Statutes provided (2 Revised Statutes, 146, pt. 2, c. 8, tit. 1, § 50) that an action for separation might be maintained:

"1. Between any husband and wife, inhabitants of this state."

It seems to me clear that under the Revised Statutes the plaintiff could not maintain the action, because she was not an actual inhabitant of the state, nor could she claim to be a constructive one by reason of the domicile of her husband. There is nothing in the enactment of 1880 (chapters 178 and 245, Laws of 1880) to indicate an intent on the part of the Legislature to enlarge the scope or change the purpose of the statute; on the contrary, the only change of substance in the words used would seem to indicate that an actual residence here was necessary to the maintenance of the action. The words are,

"where *both* parties· are residents." The word *"both"* is significant. This would not have been used, unless it were intended that *both* parties should reside in the state. If the plaintiff's contention be correct, then she can maintain the action without ever coming here at all; her testimony being taken by commission.

In De Meli v. De Meli, 120 N. Y. 485, 24 N. E. 996, 17 Am. St. Rep. 652, the court, speaking of what was required, under the section of the Code referred to, in order to enable a party to maintain an action in this state, said:

"The question here has relation to the legal residence of the parties. And within the meaning of the statute providing for actions of this character, the place of which the parties are residents is that of their permanent abode, which may be distinguished from their place of temporary residence. * * * In legal phraseology, residence is synonymous with inhabitancy or domicile. And it is in this sense that the term 'residence' is used in the provisions of the Code before referred to, and persons having that relation to this state are its citizens and residents, and for the purposes of the relief, like that in view of this action, they are subject to the jurisdiction of its courts."

In Hewes v. Hewes, 16 N. Y. Supp. 119,[1] Ingraham, J., said:

"It is clear, however, that the residence spoken of in the section of the Code cited is an actual residence of each of the parties, and not the theoretic residence of the wife, which is presumed to follow that of the husband. The language used is the plural. It is the parties that must be residents of the state, to entitle either of them to maintain the action. * * *"

See, also, Ramsden v. Ramsden, 28 Hun, 285; Toosey v. Toosey (Com. Pl.) 3 N. Y. Supp. 951.

It is the actual residence of *both* parties which gives the court jurisdiction. If this be true, then the plaintiff cannot maintain this action. Had she been, at the time the action was commenced, a resident of the state, she could do so, because *both* of the parties would, in that case, have been residents.

The order appealed from is reversed, and the motion granted. All concur.