ADALBERT GREINER, Doing Business as MOLNAR & GREINER, Plaintiff, *v.* BANK OF ADELAIDE, Defendant.

Supreme Court, Special Term, New York County, February 26, 1941.

*Krause, Hirsch & Levin,* for the plaintiff.

*Burlingham, Veeder, Clark & Hupper,* for the defendant.

McCook, J. Defendant moves to vacate a warrant of attachment on the ground that it is a foreign corporation and the plaintiff a non-resident. (Gen. Corp. Law, § 225.)

Section 224 of the General Corporation Law reads as follows: " § 224. Action against foreign corporation. An action against a foreign corporation may be maintained by a resident of the State, or by a domestic corporation, for any cause of action." It is conceded that the defendant is an Australian banking corporation with a branch office in England. The subject-matter of the suit is an alleged letter of credit issued in London on February 20, 1940, by which the defendant agreed to pay plaintiff a sum not to exceed 3,800 English pounds sterling on presentation of certain documents. Plaintiff tendered the documents together with a draft for 2,618 English pounds sterling, fifteen shillings, but payment was refused.

The plaintiff sets forth that he was in business in Vienna and Budapest from 1915, and in August, 1938, he opened an office in Amsterdam, Holland. He came to this country in March, 1940, and while here Holland was invaded by the Germans.

He states in his affidavit that he has an office at No. 250 Park avenue. The answering papers dispute this and say that the plaintiff is here under a visitor's visa, which is of limited duration and which necessarily prevents him from establishing a residence in the United States.

The plaintiff attempted to obtain jurisdiction by a warrant of attachment, and defendant, appearing specially, seeks to set it aside. It is clear that this is a suit against a foreign corporation. Plaintiff's status, however, is not so clear. Plaintiff maintains a residence at No. 12 West Seventy-second street, New York city. He is a Czechoslovakian citizen and a non-Aryan. The Czechoslovakian quota was exhausted in the spring of 1940 so that he could not secure an immigration visa. He has two children, one, a married daughter, in Orange, N. J., and the other, an unmarried son, in Shanghai, China.

Plaintiff, who had been in the paper business abroad, desired to establish a similar business in the United States, and came here on March 14, 1940, for that purpose. Due to the invasion of the Lowlands he cannot return. He maintains an office at No. 250 Park avenue, and the affidavits submitted, in my opinion, sufficiently

establish this fact. In various formal documents he has certified his residence to be in New York.

The mere fact that plaintiff arrived here under a temporary visa is not enough to prevent him from becoming a resident of this State. It is his actual place of abode which is determinative. The defendant has shown no reason in law why plaintiff, during the time that he is permitted to remain here, cannot establish his residence here. . In these unusual circumstances our courts will not interpret sections 224 and 225 so as to prevent plaintiff from maintaining this action.

The motion to vacate is denied.