IDA G. TOWNSEND, Plaintiff, *v.* DAVID E. TOWNSEND, Defendant.

Supreme Court, Special Term, New York County, March 26, 1941.

*Harry Kalman*, for the plaintiff.

*George L. Kappes*, for the defendant.

EDER, J. Action for separation. Motion for alimony and counsel fee and for custody of the infant issue of the marriage. Plaintiff's counsel advise the court that the motion for alimony and counsel fee is withdrawn. The defendant raises the objection that this court is without jurisdiction to entertain this action. He alleges that the parties hereto are subjects of Great Britain and that on January 16, 1941, the date of the commencement of this action, they were in this State by virtue of transit visas issued by the American Consul at Lisbon, Portugal, to enable them to go by way of the United States to Canada, to which country they had right of permanent entry; that while the parties hereto were in this State *en route* to Canada, plaintiff instituted this action.

The parties were married in this State on November 19, 1931. Plaintiff was born in Russia; the defendant was born in Australia; in applying for a permanent quota visa, she made application under the Lithuanian quota for the reason that she was born there — at that time Russia; he made application for a permanent quota visa under the Australian quota. Before and immediately after their marriage the parties were residents of France; such residence in France was continuous from the time of the marriage in 1931 until they both came to this country on August 2, 1940. It appears that never during any of that period did either of the parties have any interests in, any property in, or any connections in England. The parties were both compelled to leave France because of the conditions which existed after the German invasion, and it further appears that they were advised by the British Con-

sulate to leave France to avoid being placed in a concentration camp; they left France, abandoning whatever possessions they had, with the exception of whatever they could take with them in their flight and they fled with the definite intention of never returning. When they left France the quota was full; plaintiff alleges that they came to New York city for the purpose of establishing here permanently. In the situation described, it appears that it was impossible to obtain anything other than a temporary visa; that in order to enable them to leave France where they believed their lives were actually in danger they came under that temporary quota. Plaintiff further alleges: " There was never any thought in our minds of establishing anywheres other than in New York City."

Upon their arrival here the defendant purchased a partnership in a business located on Fifth avenue, and invested $4,200 therein; during his stay here (he has since gone to Montreal) he attended daily at the place of business of the partnership and devoted the necessary time to the business; both he and plaintiff applied for permanent quota visas. Plaintiff resides in this city and is awaiting her permanent quota visa; the defendant has seen fit to go to Canada. The defendant alleges he is without funds; plaintiff is financially well circumstanced to take care of herself and the child.

In raising the objection to the right of this court to maintain this action, the defendant relies on subdivision 2 of section 1162 of the Civil Practice Act, entitled " Action for separation; conditions attached to maintenance," and which reads as follows: " Such an action may be maintained in either of the following cases: * * * 2. Where the parties were married within the State and the plaintiff is a resident thereof when the action is commenced." I am of the opinion that the above-mentioned facts sufficiently establish that at the time of the commencement of this action the parties were residents of this State and within the meaning of section 1162. I concur in the view expressed by McCook, J., in Greiner v. Bank of Adelaide (176 Misc. 315), as follows: " The mere fact that plaintiff arrived under a temporary visa is not enough to prevent him from becoming a resident of this State. It is his actual place of abode which is determinative. The defendant has shown no reason in law why plaintiff during the time that he is permitted to remain here cannot establish his residence here." In these unsual circumstances our courts will not interpret the statute so as to prevent plaintiff from maintaining this action. (Greiner case, supra.) The defendant's objection is overruled. Custody of the child is awarded to plaintiff with right of visitation by defendant. Settle order.