FLORENCE GUINNESS, Plaintiff, *v.* RALPH B. GUINNESS, Defendant.

Supreme Court, Special Term, Kings County, March 14, 1943.

*Morris Straub* for plaintiff.

*Corner, Bell, Russell & McNulty* for defendant.

LOCKWOOD, J. Plaintiff's motion for temporary alimony and counsel fee in a separation action is opposed upon the ground that defendant and plaintiff were never validly married.

It appears from the affidavits submitted that the defendant husband was first married in Pennsylvania on August 6, 1919, and that the issue of that marriage are two children, now twenty-one and ten years of age.

On June 11, 1940, a judgment of separation was entered in this court awarding the first wife thirty dollars per week alimony. She is now suing defendant for a divorce, naming plaintiff as corespondent.

In December, 1940, plaintiff and defendant, who had met late in 1939, moved into the same apartment. On July 31, 1941, defendant obtained a mail-order Mexican divorce from his first wife, and on August 15, 1941, went through a marriage ceremony with plaintiff in the State of New Jersey. Plaintiff thereafter became ill and had to undergo several operations. In September, 1942, at defendant's solicitation, she left to spend some time with relatives in California for the purpose of

recovering her health. When she returned, on January 28, 1943, defendant refused to admit her to the apartment where he lived and refused to contribute further to her support. This suit followed.

Plaintiff was married to Harold H. Horne in New York on January 31, 1925, and lived with him in this State until June, 1927, when she left him because of his alleged cruelty. Thereafter, she went to live with her mother and sister in Long Beach, California. After a residence of more than a year she commenced an action against her husband for a divorce on the ground of cruel and inhuman conduct. He was personally served with process in New York State, but never appeared, and on July 10, 1930, final judgment of divorce was entered.

Defendant does not rely upon the invalidity of the Mexican divorce, which he obtained, but urges that there was no valid marriage between him and plaintiff because the California decree procured by her was ineffective to dissolve her marriage to Harold H. Horne.

Had plaintiff gone to California in 1927 merely to give some appearance of colorable right to maintain her action, and had she never become a resident of that State, it was once held that such decree would be invalid (*Fischer* v. *Fischer,* 254 N. Y. 463). However, the holding in the *Fischer* case was based upon *Haddock* v. *Haddock* (201 U. S. 562), which expressly was repudiated in *Williams* v. *North Carolina* (317 U. S. 287), decided by the United States Supreme Court on December 21, 1942.

Furthermore, plaintiff asserts that she became a *bona fide* resident of the State of California in 1927, and continued to reside there until 1933, about three years after her final judgment of divorce was granted.

She claims also that because of her first husband's conduct she was justified in abandoning him and acquiring a separate domicile in the State of California. (*Gray* v. *Gray,* 143 N. Y. 354; *Post* v. *Post,* 149 App. Div. 452, affd. 210 N. Y., 607; *Hunt* v. *Hunt,* 72 N. Y. 217; *Wacker* v. *Wacker,* 154 App. Div. 495; *Ensign* v. *Ensign,* 54 Misc. 289, affd. 120 App. Div. 882.)

So far as the facts appear from the affidavits now submitted, the defendant may not rely upon the invalidity of his marriage to plaintiff to defeat this motion.

Whether on a trial a more complete record will compel a different conclusion must await the event.

Temporary alimony fixed at $12 weekly; counsel fee $200, payable one half within thirty days, balance at or before trial.