Callahan, J.
The plaintiff’s complaint in this action for absolute divorce has been dismissed for lack of jurisdiction. The *379 trial court held that the plaintiff was not a resident of the State within the meaning of section 1147 of the Civil Practice Act.
In June, 1920, the plaintiff was married to the defendant in the State of Connecticut. Some time in 1939 the parties moved to this State and established a matrimonial domicile. When the defendant entered the military service early in 1942, the plaintiff and the defendant were living together in the city of New York. Except for a few months with her husband while stationed in Washington, D. C., the plaintiff continued to reside in the city of New York until the defendant’s return from overseas in 1944. For a time thereafter the defendant was assigned to duty at Mitchell Field, and the plaintiff went to live with him in nearby Garden City, New York. In September, 1944, the parties separated, and the defendant moved to the city of New York. The defendant, however, returned to the Garden City house for a week-end stay in December, 1944, and there was some talk of reconciliation. This effort at reconciliation failed. The plaintiff then took up residence with her daughter in an apartment in the city of New York. It is claimed by the plaintiff that there was a resumption of the marital relation while she was living with her daughter, but this is denied by the defendant. In any event it is clear that the final separation between the parties took place either in December, 1944, at Garden City or in the city of New York about May or June, 1945. In the latter month the plaintiff claiming to have been abandoned by the defendant went to live with her mother in Washington, D. C. On May 21, 1946, the plaintiff returned to the city of New York to verify the complaint in this action.
It was testified by the plaintiff that her residence in Washington, D. C., was a mere temporary abode and that she never intended to surrender her domicile in the State of New York.
In our opinion it sufficiently appears that the plaintiff was a resident of this State within the contemplation of section 1147 of the Civil Practice Act when this action was commenced. Residence in the sense of this section is synonymous with inhabitancy or domicile. It refers to a place of permanent abode as distinguished from mere temporary residence (deMeli v. deMeli, 120 N. Y. 485). In this case it is clear that the plaintiff at all times since 1939 has had such relation to the State of New York as to support a claim to domiciliary status. Concededly the defendant has been such domiciliary, indeed, the matrimonial domicile of the parties has existed in this State without interruption since 1939. The fact that the plaintiff after abandonment by her husband was compelled to seek temporary refuge with *380 her mother in Washington, D. C., did not affect her domicile or its continuance in this State. Ordinarily a wife retains the domicile of her husband. It is also true that she may acquire her own separate and independent domicile, especially where her welfare demands it and the separation is not attributable to her fault. The husband, however, may not by his own acts prevent the wife from adopting or maintaining his domicile as hers (Ensign v. Ensign, 54 Misc. 289, affd. 120 App. Div. 882). A domicile once acquired is presumed to continue until its abandonment or surrender is established. We consider that the proof adduced upon the trial is not sufficiently convincing to overcome that presumption operating in favor of the plaintiff’s New York domicile in this case.
The trial court in dismissing the plaintiff’s complaint largely relied on the authority of Wacker v. Wacker (154 App. Div. 495). That case, however, is clearly distinguishable from the present situation. It involved an action for separation instituted by a wife who at the time of commencing suit was not and never had been a resident of the State. There the parties were married in a foreign country, which was their domicile of origin. The husband subsequently abandoned the wife, leaving her without support, and immigrated to this country where he established residence for himself in the State of Ñew York. More than twenty years after the abandonment the wife came to this country for the first time to prosecute an action for separation in our courts. It thus appears that the matrimonial domicile had never been established in this State, and the plaintiff was not an actual resident or domiciliary when the action was brought. In fact, the wife did not reach New York until about two weeks after the action was commenced by the service of a summons on the defendant. The plaintiff in that case unsuccessfully sought to bring herself within the jurisdictional requirements for maintaining such an action on a claim of constructive residence in this State based on the domicile of her husband.
Obviously the case at bar presents an entirely different situation. The matrimonial domicile was in this State at the time of separation, and both parties have continued to be domiciled here ever since. Aside from the plaintiff’s temporary sojourn in Washington, D. 0., after abandonment by the defendant, there was no interruption of inhabitancy in the State of New York, and no change of domicile can be effected simply by impermanent residence abroad. Before a new domicile can be acquired, there must be a union of residence and intention to make the new place a home (Matter of Newcomb, 192 N. Y. 238; Dupuy v. Wurtz, 53 N. Y. 556).
*381 We find it unnecessary to pass upon the question whether under section 349 of the Civil Practice Act the plaintiff’s testimony could properly be received to establish residence in this State to support her claim of jurisdiction in this action for divorce. It is true that Dickinson v. Dickinson (63 Hun 516) appears to hold such testimony to be inadmissible. We are not required, however, to express approval or disapproval of the holding in that case. Suffice it to say that the essential facts to substantiate the plaintiff’s claim in this regard appear to have been prima facie established by other competent evidence.
The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Glennou, Dobe, Peck and Vax Vooehis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with ' costs to the appellant to abide the event.