DINA TAUBENFELD, Plaintiff, *v.* HENRYK TAUBENFELD, Defendant.

Supreme Court, Special Term, Kings County, February 9, 1949.

*Joseph S. Meadow* and *Rhea Josephson* for plaintiff.

*Simon J. Hauser, Leopold A. Halperin* and *Arthur H. Fribourg* for defendant.

HEARN, J. In this action for divorce plaintiff wife moves for alimony and counsel fees *pendente lite* and the defendant makes a cross motion pursuant to rule 107 of the Rules of Civil Practice to dismiss the complaint, on the ground that the court has no jurisdiction of the subject matter of the action in that the plaintiff is not a " resident ".

It appears that plaintiff and defendant were married in Liege, Belgium, in June, 1928. Shortly thereafter the defendant went to Warsaw, Poland, of which country he was a citizen and resident. In January, 1929, plaintiff joined her husband in Warsaw, and the parties hereto lived together in that city for almost two years, when they separated. In November, 1932, the plaintiff obtained a judgment from a court of competent jurisdiction in the city of Warsaw, Poland, against her husband, awarding her support in an amount equivalent to $50 a month

at the then rate of exchange. In 1938, plaintiff left Warsaw, to take up residence in Paris, France. Just prior to the occupation of Paris by the Germans, plaintiff escaped to Cannes, in the south of France, where she remained in hiding until the termination of hostilities. After the late war plaintiff sought to obtain an immigration visa to the United States. However, being of Roumanian birth whose quota was concededly over-subscribed for many years, plaintiff finally succeeded, through friends in Australia, in obtaining a *transit visa through the United States for the purpose of proceeding to Australia.* Under the authority of the latter, plaintiff arrived in the United States in 1948, and then instituted the present action.

In the meantime and in the year 1938, defendant came to the United States where he has resided ever since. In 1940, defendant obtained a Mexican divorce from plaintiff. In 1944, defendant married one Maria Bochnar in Washington, D. C. Defendant also avers that in the Spring of 1948, he became a resident of the State of Nevada and that on September 9, 1948, he obtained a decree of divorce from plaintiff herein upon grounds other than adultery. Subsequent to the obtaining of said decree, defendant remarried said Maria Bochnar Taubenfeld in Nevada. In October, 1948, defendant returned to New York and has since resided there.

Section 1147 of the Civil Practice Act restricts the right of a plaintiff to maintain an action for divorce to the following cases:

"1. Where both parties were residents of the state when the offence was committed.

" 2. Where the parties were married within this state.

" 3. Where the plaintiff was a resident of the state when the offence was committed and is a resident thereof when the action is commenced.

" 4. Where the offence was committed within the state and the injured party when the action is commenced is a resident of the state." Except where the parties were married within the State (subd. 2, concededly inapplicable) in every other case the plaintiff is required to be a resident.

It is well settled that the word " resident " as used in this section is synonymous with " domicile " and the determination of " domicile " depends on the facts showing residence and an intent to make a place a permanent home (*Clapp* v. *Clapp,* 272 App. Div. 378; *de Meli* v. *de Meli,* 120 N. Y. 485).

As stated before, plaintiff's visa permits her to pass through the United States for the sole purpose of proceeding to

Australia. Under such circumstances, is one free to exercise an intent to establish a domicile? Obviously the answer is in the negative. Plaintiff's assertion that she was at the time the action at bar was instituted, and still is, a "resident" is without merit. At best, her declaration of intention to become domiciled in the State may be characterized as the mere expression of a hope to accomplish that result. However, in view of the transitory nature of plaintiff's presence in this country, she is precluded from effectuating her desire to establish a domicile in New York.

The court has not overlooked the decisions in *Greiner* v. *Bank of Adelaide* (176 Misc. 315) and *Townsend* v. *Townsend* (176 Misc. 19) which have been submitted by the plaintiff in support of her contention. It will be noted that the *Greiner* case (*supra*) involved a nonmatrimonial situation and, therefore, was not governed by the jurisdictional requirements of section 1147 of the Civil Practice Act. In the *Townsend* case (*supra*) the court permitted an action for separation to be maintained where both parties were in the State by virtue of a transit visa to Canada. However, in that case, the court pointed out that the "unusual circumstances" impelled the court to act in the manner it did. It does not appear that the aforesaid decision has received appellate review and although I regard it with due respect, I cannot agree with its conclusion because I see no escape from the rigor of the statute upon the existence of "unusual circumstances." I am rather inclined to follow the rationale of the decision in the case of *Matter of Gaffney* (141 Misc. 453). There, the late Surrogate FOLEY had to rule on the right of one here on a temporary visa to obtain letters of administration. It was held that the decedent's alien brother was not an "inhabitant" of the State, notwithstanding his claim of a present intention to reside permanently in the United States, in view of the fact that he had been admitted into the United States under a passport classifying him as a "temporary visitor".

In the case at bar, it is the view of the court that plaintiff *cannot* bring herself within any of the subdivisions of section 1147 of the Civil Practice Act.

It is urged on behalf of plaintiff that whereas the defendant was a resident of New York at the time the present action was instituted, the jurisdictional requirements of the Civil Practice Act are met, on the theory that the domicile of the wife follows that of her husband. However, upon the admitted facts it is

manifest that the plaintiff voluntarily changed her domicile from Poland to France and cannot now consider her husband's domicile her own.

In *Wacker* v. *Wacker* (154 App. Div. 495) husband and wife were married in Germany. He came to New York, abandoning the wife in Germany without support and she remained in that country for upwards of twenty years. Upon her coming to the United States and suing for separation, it was unanimously held that the wife could and did establish her domicile apart from her husband after the wrongful abandonment and, hence, could not subsequently change her mind and claim that her domicile followed that of her husband. The court in that case also made the following statement (p. 497): " Plaintiff contends that she comes within subdivision 1 and was in fact a resident of the State when the action was commenced, because her husband was then domiciled and resided here; in other words, that she had a right, at her election, to consider her husband's domicile and residence her own. The rule seems to be well settled that the domicile of the husband is *prima facie* that of the wife. (*Hunt* v. *Hunt*, 72 N. Y. 217.) This rule, however, has its exception, which is that where a married woman is wrongfully abandoned or for good and sufficient reason leaves her husband, she may acquire a separate domicile for the purpose of enforcing her rights. (*Cheever* v. *Wilson*, 76 U. S. [9 Wall.] 108; *Harris* v. *Harris*, 83 App. Div. 123; *Ensign* v. *Ensign*, 54 Misc. Rep. 289; affd., 120 App. Div. 882.) I have been unable to find any authority in this State to the effect that the domicile acquired by the husband after he has wrongfully abandoned his wife is, *prima facie*, her domicile."

In the light of the foregoing this court has no jurisdiction of the subject matter of the action and the defendant's motion to dismiss is granted. It follows too, that plaintiff's motion for temporary alimony and counsel fees must be denied.