Wenzel, J.,
dissents and votes to affirm, with the following memorandum: Mere presence in the jurisdiction is not sufficient, even when coupled with a wish or desire to remain there when such desire is thwarted by a legal disability. The fact that the disability may possibly at some future time be removed, is insufficient to establish present residence or domicile. While the law undoubtedly is that domicile is a matter of intention, plaintiff may not be heard to express an intention contrary to present legal ability. (5 A. L. R. 298.) “It is a general rule that the domicil of one who is in itinere from an old to a new home continues to be the old domicil till the new one is reached.” (5 A. L. R. 296.) Until a new domicile is acquired, the old one remains. (Mitchell v. United States, 88 U. S. 350.) (See 1 Beale on Conflict of Laws, § 20.2: “ An intent to change one’s home may be conditional upon the happening of a future event.”) There is no change of domicile until the event occurs. [194 Misc. 505.] [See post, p. 918.]